```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

BERNELL ATWOOD,                     :

                Petitioner,         :
                                         10 Civ. 2557 (RJS)(HBP)
    -against-                       :
                                         REPORT AND
JOSEPH WILLIAMS, Superintendent,    :    RECOMMENDATION
Lincoln Correctional Facility,
                                    :
                Respondent.
                                    :
-----------------------------------X
```

    PITMAN, United States Magistrate Judge:

    TO THE HONORABLE RICHARD J. SULLIVAN, United States District Judge,

I. <u>Introduction</u>

    By notice of motion dated October 4, 2010 (Docket Item 5), respondent moves to dismiss the petition on the ground that it is moot and unexhausted. Petitioner has not responded to the motion. For the reasons set forth below, I respectfully recommend that the motion be granted and that the petition be dismissed.

II.   Facts

On January 24, 2008, petitioner was convicted upon his plea of guilty in the Supreme Court of the State of New York, New York County, to one count of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law Section 220.39(1).  Pursuant to that judgment, petitioner was sentenced to a determinate term of imprisonment of three-and-one-half years to be followed a three-year term of post-release supervision.  Petitioner was incarcerated pursuant to that judgment from January 31, 2008 through April 30, 2010.

Petitioner does not challenge either his conviction or his sentence.  Rather, he challenges only the execution of his sentence.  Specifically, he claims that his eligibility for early release was improperly delayed.  On March 17, 2009, petitioner was issued "merit time"[1] because he had earned a High School Equivalency Diploma and completed certain educational goals.

---

[1] "Merit time" may be awarded to inmates in the custody of the New York State Department of Correctional Services who have not been convicted of certain specified felonies and have completed certain programs intended to facilitate their re-entry to society.  Merit time can reduce the sentence of an inmate serving a determinate sentence by one-seventh.  See generally N.Y. Corr. L. § 803(d); New York State Department of Correctional Services Directive No. 4790, annexed as Ex. D to the Declaration of Assistant Attorney General Priscilla Steward (Docket Item 7) ("DOCS Directive 4790").

2

After receiving this merit time, petitioner was eligible for release on October 31, 2009.

On April 20, 2009, petitioner was transferred to a work release program. One month later, however, petitioner admitted to having used drugs and was transferred to a relapse program, which he successfully completed in July 2009. As a result of his having relapsed and participating in a relapse program, petitioner was denied his merit time. DOCS Directive 4790 § (D)(2)(c). Even if petitioner had not participated in the relapse program, his admitted drug use would have rendered him ineligible for merit time. DOCS Directive 4790 § (B)(2)(r).

Petitioner challenges the delay of his release eligibility date beyond October 31, 2009. Petitioner was actually released on April 30, 2010. Petitioner has never challenged the delay of his release eligibility date in any court of the State of New York.

III. Analysis

The petition suffers from a number of facial defects including the failure to exhaust state remedies and the resulting procedural bar and the failure to allege the deprivation of a

federally protected right.[2]  Although either of these grounds are sufficient to warrant the dismissal of the petition, I shall limit my analysis to the petition's most fundamental defect -- lack of subject matter jurisdiction due to mootness.

The subject matter jurisdiction of the federal courts is limited to live controversies.

> In order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time the complaint was filed. Steffel v. Thompson, 415 U.S. 452, 459 n.10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).  In general, if an event occurs while an [action] is pending that renders it impossible for the court to grant any form of effectual relief to plaintiff, the matter becomes moot and subject matter jurisdiction is lost.  Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001); see also Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

In re Flanagan, 503 F.3d 171, 178 (2d Cir. 2007); see also Khalil v. Laird, 353 F. App'x 620, 621 (2d Cir. 2009) (action challenging prison conditions and seeking only injunctive and declaratory relief is moot after plaintiff is released); Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 70 (2d Cir. 2001) ("If a claim has become moot prior to the entry of final judgment, the district

---

[2] The petition does not claim that any of petitioner's federal rights were violated, and petitioner appears to be arguing that the New York State Department of Correctional Services misapplied New York law and the applicable regulations (see Petition ¶ 12 (Docket Item 2)).

4

court generally should dismiss the claim for lack of jurisdiction.").

Where a state prisoner challenges his conviction through a habeas corpus petition, his release from custody does not ordinarily moot the petition.  The collateral consequences of the conviction -- such as the inability to hold certain jobs, the inability to obtain certain licenses, the ineligibility for certain public benefits and the possibility of an enhanced sentence with respect to any subsequent convictions -- usually prevent a challenge to the conviction from becoming moot, notwithstanding the petitioner's release from actual custody. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).  However, where as here, petitoner challenges only his eligibility for some form of early release program, no such presumption exists and the actual release of the petitioner ordinarily moots the petition.  United States v. Probber, 170 F.3d 345, 348-49 (2d Cir. 1999) (habeas challenge to revocation of term of supervised release is moot after petitioner is released); Adams v. New York, 07 CV 1101 (NG)(LB), 2007 WL 4565033 at *2-*3 (E.D.N.Y. Dec. 21, 2007) ; Fells v. Breslin, 04-CV-03849 (ADS)(JO), 2007 WL 675081 at *3 (E.D.N.Y. Feb. 26, 2007) (habeas challenge to adverse decision of Parole Board is moot after petitioner is released); Hunter v. Hollins, 9:03-CV-0176 (LEK/GJD), 2007 WL 475410 at *3-*4

(N.D.N.Y. Feb. 9, 2007) (habeas challenge to denial of merit time is moot after petitioner is released).

Petitioner here challenges only the delay from October 2009 to April 2010 of the date on which he was found to be eligible. Because petitioner has now been released, there is no longer any meaningful relief this Court can grant, and the petition should be dismissed for lack of subject matter jurisdiction because the claim asserted is now moot.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that respondent's motion (Docket Item 5) be granted and that the petition be dismissed for lack of subject matter jurisdiction because it is moot.

I also recommend that a certificate of appealability not be issued because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. To warrant the issuance of a certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (internal quotation

marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam).  For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that the petition is moot.

I further recommend that the court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Richard J. Sullivan, United States District Judge, 500 Pearl Street, Room 640, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Sullivan.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE

REVIEW. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983) (<u>per curiam</u>).

Dated:  New York, New York
        April 20, 2011

Respectfully submitted,

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Bernell Atwood
Apt. 23
2043 Creston Avenue
Bronx, New York  10453

Ashlyn Dannelly, Esq.
Priscilla Steward, Esq.
Assistant Attorneys General
State of New York
120 Broadway
New York, New York  10271